**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-02106-KLM

**LAKE PARK CONDOMINIUM ASSOCIATION, INC.**, a Colorado non-profit corporation,

Plaintiff,

v.

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE NO. LHPQ-70980-70 and CERTIFICATE NO. LSP1000270,**

Defendants.

---

**DECLARATION OF NATHANAEL ARCHULETA**

---

I, Nathanael Archuleta, declare:

1. This case was filed on September 1, 2017.
2. The parties met and conducted the F.R.C.P. 26(f) conference on December 20, 2017.
3. Around this time, Plaintiff's counsel discussed with counsel for Defendant disclosure of the cellular tower releases and Defendants' forthcoming filing of their separate Motions for Summary Judgment and Joint Motion to Bifurcate which have now been filed.
4. On January 12, 2018, the parties attend the scheduling conference with the Court and the Court filed its scheduling order shortly after.
5. On January 23, 2018, Defendant LHPQ filed its Motion for Summary Judgment.

Exhibit 7

6. On February 13, 2018, Plaintiff filed its Response.
7. On February 23, 2018, Defendants filed their Joint Motion to Bifurcate the action.
8. On March 12, 2018, Defendant LSP filed its Motion for Partial Summary Judgment.
9. On March 16, 2018, Plaintiff filed its Response to Defendants' Joint Motion to Bifurcate the action.
10. Plaintiff is currently now responding to Defendant LSP's Motion for Partial Summary Judgment.
11. Plaintiff has requested the following depositions that will reveal the public impact of CJW and Associates' adjusting standards:
    a. Bryan Gilchrest – Adjuster for Vericlaim.
    b. Richard Walsh – Adjuster for CJW.
12. Plaintiff is also in the process of drafting F.R.C.P. 30(b)(6) topics to the following entities on the same issue:
    a. 30(b)(6) of Vericlaim, Inc. – regarding policies and procedures for adjusting.
    b. 30(b)(6) of CJW and Associates – regarding policies and procedures for adjusting.
    c. 30(b)(6) of Defendant LSP – regarding policies and procedures for adjusting and oversight and approval of claims process.

13. Regarding written discovery, Plaintiff is in the process of drafting written discovery to Defendant LSP's and CJW and Associates regarding the following topics:

   a. Written policies and procedures to adjust property insurance claims
   b. The compensation scheme between CJW and Associates and Defendant LSP. Compensation is relevant to determine whether adjusters of CJW and Associates are incentivized to adjust claims in Defendant LSP's favor.
   c. Discovery regarding preferred vendors. Plaintiff also intends on discovery facts into Defendant LSP's policies and procedures in hiring preferred contractor and engineer vendors. If only certain vendors are used based on their performance or findings in favor of reducing claims costs for Defendant LSP, that practice over time would significantly and negatively affect the public at-large.
   d. The amount of times Defendant LSP has hired CJW and Associates in the past fives years and the claims decisions in those cases.
   e. The amount of times CJW and Associates has hired certain engineers in the past five years and the percentage of findings by those engineers for and against providing coverage.

14. The above list of discovery is not intended to exhaustive but instead to illustrate what discovery is relevant to a CCPA claim.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed this 30th day of March, 2018.

Signature: ______________________

Printed Name: Nathanael Archuleta