IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01288-MJW

CERTAIN UNDERWRITERS AT LLOYD'S LONDON,
SUBSCRIBING TO CERTIFICATE NO.
LHPQ-71423-70

Plaintiff,

v.

SOUTHWIND AND EASTPOINTE HOMEOWNERS
ASSOCIATION, INC.

Defendant.

---

**DEFENDANT'S ANSWER, COUNTERCLAIMS, AND JURY DEMAND**

---

COMES NOW Defendant Southwind and Eastpointe Homeowners Association, Inc., by and through its attorney David J. Furtado, and who hereby submits the following Answer, Counterclaims, and Jury Demand:

ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND

1. Paragraph 1 of Plaintiff's Complaint for Declaratory Judgment and Jury Demand describes the nature of the action and does not require a response from Defendant.

2. Paragraphs 65, 72, 73, 79, 80, 87, 88, 94, 95, 101, 107, 108, 112, 113, 118, 119, and 128 of Plaintiff's Complaint for Declaratory Judgment and Jury Demand do not require a response from Defendant.

3. Defendant admits the allegations contained in paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38,

Case No. 1:17-cv-02106-KLM Document 39-8 filed 03/30/18 USDC Colorado pg 2 of 17

39, 40, 41, 42, 43, 46, 47, 48, 53, 56, 57, 58, 59, 60, 61, 62, 63, 64, 66, 67, 68, 81, 83, 89, 90, 97, 99, 103, 105, 114, 120, 122, and 126 of Plaintiff's Complaint for Declaratory Judgment and Jury Demand of May 27, 2016.

4. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraphs 2, 44, 45, 49, 50, 51, 52, and 96 of Plaintiff's Complaint for Declaratory Judgment and Jury Demand of May 27, 2016. As Defendant does not have knowledge regarding the allegations contained in these paragraphs of the petition and many of these allegations include legal conclusions and therefore must deny same.

5. Defendant denies the allegations contained in 32, 54, 55, 69, 70, 71, 74, 75, 76, 77, 78, 82, 84, 85, 86, 91, 92, 93, 98, 100, 104, 106, 109, 110, 111, 115, 116, 117, 121, 123, 124, 125, 127 of Plaintiff's Complaint for Declaratory Judgment and Jury Demand of May 27, 2016.

6. Defendant denies any allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is estopped from the relief it is requesting as it breached its duty of good faith and fair dealing by failing to properly and adequately adjust Defendant's loss prior to Defendant demanding appraisal. Additionally, Plaintiff has made no attempt to adhere to the appraisal provision as contained in its insurance policy with Defendant as questions and concerns regarding coverage may be addressed subsequent to an appraisal award.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff breached its contract with Defendant by failing to meet its duty of good faith and fair dealing by failing to properly and adequately adjust Defendant's loss prior to Defendant demanding appraisal and prior to initiating this action against its insured

WHEREFORE Defendant requests that this Court enter an Order dismissing Plaintiff's Complaint for Declaration Judgment and Jury Demand, award Defendant its costs and attorney fees, and grant Defendant such other and further relief as the Court deems just and proper under the circumstances.

**COUNTERCLAIMS**

**GENERAL ALLEGATIONS**

1. On September 29, 2014 a hailstorm consisting of strong winds and hail damaged Defendant's property. At the time of this hailstorm, Defendant was insured by Plaintiff LHPQ-71423-70 with effective dated September 15, 2014 through September 15, 2015.

2. On or about October 16, 2014 Defendant made a timely report of its insurance claim to Plaintiff's agent Peliton Insurance. Peliton Insurance is located at 4600 South Ulster Street, #1400, Denver, Colorado 80237.

3. Subsequent to Defendant reporting its storm loss to Peliton Insurance, Plaintiff hired VRS Vericlaim to investigate and adjust Defendant's property insurance loss. It is Defendant's belief that VRS Vericlaim was hired by Plaintiff to investigate and adjust Defendant's property claim.

4. Defendant's property incurred a prior loss on September 14, 2013. Its insurer at that time was American Family Mutual Insurance Company. American Family Mutual

Insurance Company adjusted that claim and paid the claim. On November 14, 2013, Defendant hired Reconstruction Experts, Inc. to provide restoration and construction services to repair its property that was damaged as a result of the hailstorm of September 14, 2013.

5. In the spring and summer of 2014 Reconstruction Experts, Inc performed all of the work pursuant to the scope and price provided by the American Family Mutual Insurance Company Xactimate estimate. The property that was damaged as a result of the September 14, 2013 hailstorm was completely repaired and replaced prior to the hailstorm of September 29, 2014. The property was also inspected subsequent to the hail related event on September 14, 2013 by representatives of American Family Mutual Insurance Company.

6. Defendant sent all of the information in its possession regarding the hail loss of September 14, 2013 including the information regarding the restoration work performed by Reconstruction Experts, Inc. to its property to Plaintiff during Plaintiff's investigation of the September 29, 2014 hailstorm loss.

7. Defendants and its representatives attempted to communicate and explain to the Plaintiff the value of the actual damage sustained by the insured property by providing Plaintiff with the identity of his contractors, his contractors' estimates, its experts, its expert's opinion, information regarding the prior American Family Mutual Insurance Company claim, the identity and work performed by the contractor who performed the work on Defendant's property due to the 2013 American Family Mutual Insurance Company claim, and explained the damage to his property to the Plaintiff.

8. Rather than fairly adjust the claim and work with Plaintiff and attempt to adjust the claim properly Plaintiff's adjusters attempted to minimize the amount of payment of the

claim by attempting to state that obvious storm damage did not exist. Plaintiff's representatives only performed a cursory overview of the damage when it initially received notice of the claim from Defendant, failed to properly investigate and adjust Defendant's loss by failing to hire qualified professionals to evaluate the loss, and by failing to work with representatives from American Family Mutual Insurance Company to thoroughly investigate Defendant's property's condition prior to the 2013 loss, subsequent to the 2013 loss, and subsequent to the restoration work performed as a result of the 2013 loss. Additionally, Plaintiff attempted to limit the scope of the appraisal process contrary to Colorado law.

9. Plaintiff owed Defendant a duty to ensure its claim was properly investigated in a timely manner, properly adjusted in a timely manner, and properly paid in a timely manner and failed to do all three of these things.

10. The fact that Plaintiff had someone who purposely failed to properly investigate and adjust the loss properly is common law bad faith and a breach of the covenant of good faith and fair dealing and is an unreasonable delay.

11. Rather than properly investigate, adjust and pay the loss, based on the terms of the policy, Plaintiff refused to appraise the loss and unreasonably delayed and denied payment of covered policy benefits by failing to hire qualified professionals to evaluate the damage to Plaintiff's insured property.

12. Plaintiff refused to properly adjust the loss, thereby compelling Defendants request appraisal. When Defendant's requested appraisal, Plaintiff's refused to submit the entire loss to appraisal and in fact, sued Defendant forcing Defendant to defend a lawsuit that was

unnecessarily filed. This resulted in delay and continued delay in Defendant receiving the policy benefits it contracted to receive.

13. Plaintiff failed to properly adjust Defendant's claim, failed to properly investigate the loss and did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of Defendant's claims, even after liability became reasonably clear. Plaintiff's actions and its intentional delaying tactics constitute an intentional bad faith delay attempting to wear down the Defendant and its resolve.

14. Plaintiff acknowledged that a covered loss occurred but has refused and denied to pay all damages claimed and owed. This has caused Defendant to spend substantial amounts of money and time on attempting to obtain payment for its claim.

15. Defendant hired Knott Laboratory, LLC and Platte Capital Projects to perform an evaluation of its property and determine the cause and amount of the property loss. Defendant supplied these reports to Plaintiff, but Plaintiff ignored the reports.

16. Plaintiff ignored available evidence contained in the American Family Mutual Insurance claim file from the 2013 loss to assist it in investigating and adjusting this current loss in an attempt to wrongly deny benefits owed Defendant.

17. Plaintiff ignored its own hired expert's report in adjusting Defendant's claim.

18. Plaintiff's conduct described above was willful and wanton and done heedlessly and recklessly without regard to the consequences to its insured.

19. Plaintiff knew or should have known that its actions described above were unreasonable. Plaintiff acted unreasonably and with knowledge of or reckless disregard of its unreasonableness, and caused damages that resulted from its bad faith.

Case 1:16-cv-01288-MJW Document 11 Filed 06/30/16 USDC Colorado Page 7 of 19

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

20. Defendant incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

21. Defendant and Plaintiff entered into a valid, binding and enforceable contract for insurance covering the losses alleged herein.

22. Defendant fully complied with all the provisions of the contract, including without limitation to paying premiums in a timely fashion and complying with all provisions governing claims and loss. Alternatively, such conditions precedent have been waived or are excused.

23. It is Plaintiff's duty to pay for Defendant's losses and damages but it has refused to do so by failing to properly and thoroughly investigate the loss to Defendant's insured property by ignoring Defendant's representatives' reports and estimates, by refusing to hire trained professionals who have Defendant's interests in mind and understand the contract of insurance to evaluate the damage to the property, by refusing to perform a proper investigation regarding the condition of the property prior to the subject loss and subsequent to the subject loss, by failing to perform proper testing on the property to determine the cause of loss and amount of damage, and by refusing to follow the appraisal provision contained in its insurance policy with Defendant before suing Defendants.

24. Plaintiff's misinterpretation of its own insurance contract resulting in a denial of Defendant's request to proceed to appraisal constitutes a breach of the insurance contract and is a breach of Defendant's reasonable expectations concerning the insurance coverage it would receive under its insurance policy.

25. Plaintiff's denial of Defendant's claim constitutes a breach of the insurance contract and is a breach of Defendant's reasonable expectations concerning the coverage it would receive under its insurance policy.

26. Plaintiff's continued refusal to appraise the loss constitutes a breach of the insurance contract and is a breach of Defendant's reasonable expectations concerning the coverage it would receive under its insurance policy.

27. Defendant expected Plaintiff to inspect its property, perform a thorough investigation, perform the testing required to demonstrate whether or not the roof and siding and other components of its dwelling units and connected structures were damaged, not ignore obvious damage to the property structures, and not attempt to limit the scope of an appraisal and to timely pay claims when reported by its insured.

28. Plaintiff's failure to conduct a reasonable investigation, failure to appraise the total loss, and failure to pay covered policy benefits constitute breaches of the insurance contract.

29. Plaintiff decided to deny contractual benefits and failed to pay contractual benefits owed to Defendant despite repeated requests for the payment of the covered benefits from Defendant.

30. Plaintiff hired representatives that improperly investigated and improperly adjusted Defendant's claim in an attempt to avoid paying the benefits owed.

31. Plaintiff filed a lawsuit against Defendant in an attempt to limit the scope of the appraisal process, limit the appraisal panel's ability to assess the loss and determine causation of the damage to Defendant's property, and to deter Defendant in seeking owed benefits for a covered loss.

32. Plaintiff refused to provide the contracted benefits and denied Defendant the benefit of its bargain, and breached the insurance contract in doing so.

33. As a result of Plaintiff's breaches, Defendant suffered damages for breach of contract, costs and pre-judgment interest at the rate allowed by law.

**SECOND CLAIM FOR RELIEF**
**(Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

34. Defendant incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

35. Defendant suffered a loss covered by the policy, and submitted claims for that loss to Plaintiff.

36. The claimed loss and damages submitted by Defendant were covered by its insurance policy with Plaintiff.

37. Defendant is owed covered benefits under the Plaintiff's policy.

38. Plaintiff refused to pay for the damaged property and, in fact, hired representatives to minimize the amount of damages, inaccurately appraise the amount of damages, improperly investigate the amount of damage, and improperly pay the amount of damage forcing Defendant to invoke the appraisal provision of the policy.

39. Plaintiff has refused to agree to enter into appraisal with Defendant causing a further delay in payment during the time of the litigation and future appraisal.

40. Plaintiff's unreasonable denial of insurance benefits owed to Defendant is continuing.

41. Plaintiff accomplished these goals by failing to properly and thoroughly investigate the loss to Defendant's insured property by ignoring Defendant's contractor's reports and estimates, by refusing to take Defendant's professional's opinions into consideration, by refusing to hire trained professionals to evaluate the damage to the property, by refusing to obtain information regarding Defendant's prior loss of 2013 from its prior insurer, American Family Mutual Insurance Company, by refusing to consult with Defendant's restoration contractor who performed the work on the property that was required as a result of the 2013 loss, and by refusing to ensure that a proper investigation was performed.

42. When Defendant attempted to resolve the difference of opinion regarding the amount of loss with Plaintiff, Plaintiff refused to do so and instead filed a lawsuit against Defendant causing further delay in the payment of Defendant's claim.

43. Plaintiff has delayed and denied payment of covered benefits without a reasonable basis for its actions and continues to delay and deny benefits without a reasonable basis for its actions.

44. The position taken by Plaintiff deprived Defendant of covered benefits since the position asserted by Plaintiff lacked a reasonable basis upon which to deny benefits.

45. Hiring representatives that improperly adjusted and investigate Defendant's claim by merely performing a cursory inspection of the insured property is unreasonable.

46. Hiring representatives that improperly adjusted Defendant's claim by shifting the loss to wear and tear and prior claim exclusions with a properly performed, thorough investigation is unreasonable.

47. Attempting to restrict the scope of an appraisal is unreasonable.

48. Suing an insured without determining and understanding the facts surrounding the amount of damage, causation of the damage, and the scope of the investigation and scope of insurance restoration performed arising from the 2013 property loss is unreasonable.

49. Suing an insured without a valid basis for doing so is unreasonable.

50. Due to the fact that Plaintiff engaged in such behavior as described above and lacked a reasonable basis from which to deny the covered benefits makes it responsible to Defendant for remedies as provided by C.R.S. § 10-3-1116 for its violation of C.R.S. § 10-3-1115.

51. Plaintiff conducted an improper, incomplete, and/or outcome-orientated investigation of the loss thereby damaging Defendant by delaying benefits owed to it pursuant to the terms of the policy.

52. Defendant is therefore entitled to two times covered benefit that was unreasonably delayed and/or denied, attorney's fees and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law and expert witness fees.

**THIRD CLAIM FOR RELIEF**
**(Bad Faith Breach of Insurance Contract)**

53. Defendant incorporates the allegations contained in the paragraphs above as if fully set forth herein.

54. Plaintiff had a duty to act reasonably and in good faith in handling Defendant's claim and in the payment of Defendant's insurance claim, including the obligation to act with ordinary, reasonable diligence in investigating the claims submitted by Defendant and in determining the amounts due and owing under the policy in question, and to pay all amounts due and owing.

55. Pursuant to the insurance policy, Plaintiff owed Defendant the duty of good faith and fair dealing.

56. Plaintiff breached its duty to act reasonably and in good faith by, inter alia, (1) failing to conduct a reasonable and timely investigation of the facts and law applicable to this matter; (2) failing to appraise entire loss that resulted from hail; (3) favoring its interests to the exclusion of Defendant's interests; (4) failing to effectuate prompt, fair and equitable resolution of Defendant's claim after liability has become clear; (5) conducting an incomplete, or outcome-oriented investigation of the loss; (6) delegating its investigation to others; (7) improperly directing its agent and representative to perform a cursory investigation of the damage to Defendant's property; (8) sending incorrect coverage of loss decisions; (9) refusing to submit Defendant's claim to appraisal when Defendant requested to do so (10) compelling Defendant to become involved in litigation to defend against baseless claims asserted against Defendant; (11) attempting to limit the scope of the appraisal; and (12) otherwise unreasonably and improperly handling Plaintiff's claim as provided for by C.R.S. § 10-3-1104(1)(h) to include, but not limited to, misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; compelling Defendant to institute its counterclaim litigation to recover amounts due under an insurance policy by offering substantially less than the amount Defendant will

Case 1:16-cv-01288-MJW Document 11 Filed 06/30/16 USDC Colorado Page 13 of 17

ultimately recover in this counterclaim brought by Defendant; and by failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

57. Plaintiff overlooked material facts and a more thorough investigation would have produced relevant information but they refused to conduct a thorough investigation. Plaintiff and its adjusters and representatives failed to properly and thoroughly investigate the loss to Defendant's insured property by ignoring Defendant's hired professionals estimates and opinions, by refusing to hire trained professionals to evaluate the damage to the properties, by refusing to perform a proper investigation of the damage to the property, and by attempting to assert a denial as a result of a prior loss that Defendant reported to its prior insurance company where an investigation was performed, the claim was paid, and Defendant completed the scope of the work that resulted in a complete property restoration of the property damaged as a result of the 2013 hail event.

58. Plaintiff should have known that its conduct was unreasonable and/or it recklessly disregarded the fact that its conduct was unreasonable. Furthermore, once the appraisal process started, Plaintiff unlawfully refused to submit Defendant's entire claim to appraisal, limited the scope of the appraisal.

59. Plaintiff's conduct constitutes a breach of the covenant of good faith and fair dealing implied in every contract of insurance.

60. Plaintiff's bad faith has caused Defendant to suffer and continue to suffer damages to be determined at trial, damages in the amount of attorney fees in defending a lawsuit

brought about by the Plaintiff's refusal to conduct a thorough investigation and refusal to submit Defendant's entire claim to appraisal.

## FOURTH CLAIM FOR RELIEF
**(Breach of the Covenant of Good Faith and Fair Dealing)**

61. Defendant incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

62. Plaintiff, its representatives, and its adjusters owed Defendant the obligation to act in good faith and fair dealing.

63. Plaintiff owes Defendant the non-delegable duty to investigate the claim objectively and not just to hunt for facts from which to deny benefits or attempt to not pay the correct amount owed.

64. Plaintiff owed Defendant the duty to give equal consideration to the financial interests of its insured and not to give greater consideration to its own financial interests while investigating and adjusting its insured's claims.

65. Plaintiff sold Defendant the coverage at issue intending to provide benefits for the covered losses such as hailstorms that occur within the policy period.

66. Defendant cooperated with Plaintiff in the processing of its claim for the covered benefits.

67. Defendant did not fail to mitigate or minimize its damages.

68. Defendant cooperated with Plaintiff's investigation and did not erect any obstacles to Plaintiff's ability to investigate and evaluate Defendant's claims for the covered benefits owed.

69. Plaintiff knew that Defendant purchased the policy to protect the covered premises.

70. Plaintiff knew that its decision to deny benefits owed to Defendant was intentional and not accidental.

71. Plaintiff knew that it owed an obligation of good faith and fair dealing to Defendant.

72. Plaintiff knew that its denial to pay the benefits owed would cause Defendant financial hardship.

73. Plaintiff breached its obligations to Defendant by failing to pay the proper amount on Defendant's claims by hiring agents/adjusters and estimators who did not properly investigate the loss.

74. Plaintiff breached its duty of good faith and fair dealing by failing to conduct a proper investigation of the loss.

75. Plaintiff breached its duty of good faith and fair dealing by suing the Defendant.

76. Plaintiff breached its duty of good faith and fair dealing by refusing to submit Defendant's entire claim to the appraisal process as requested by Defendant.

77. Plaintiff's breach of its covenant of good faith and fair dealing amounts to bad faith breach of the insurance contract causing Defendant damages and losses to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests this Court enter judgment in its favor and against Plaintiff on its counterclaims as follows:

Case No. 1:17-cv-02106-KLM Document 39-8 filed 03/30/18 USDC Colorado pg 16 of 17

1. Damages for Plaintiff's breach of contract;

2. Two times the amount of all covered benefits under the policy;

3. Costs, expert witness fees, and attorneys' fees incurred in prosecuting its claims against Plaintiff;

4. Other damages resulting from Plaintiff's bad faith including damages resulting from Plaintiff's bad faith refusal to cover the damages to Defendants' property;

5. Damages for Plaintiff's breach of the covenant of good faith and fair dealing;

6. Pre- and post-judgment interest; and

7. For such other and further relief as this Court may deem just.

**Defendant requests a jury trial of all its claims for relief.**

RESPECTFULLY SUBMITTED this 30th day of June, 2016.

FURTADO LAW PC
*A duly signed original is on file at the offices of Furtado Law PC*

/s/ David J. Furtado
Furtado Law PC
3773 Cherry Creek North Drive, Ste. 575
Denver, CO 80209
Telephone: (303) 755-2929
Email: dfurtado@furtadolaw.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2016, a true and correct copy of the foregoing was served via the CM/ECF system upon the following addressed to:

Suzanne M. Meintzer, Esq.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1225 17th Street, Suite 2750
Denver, Colorado 80202

*s/*David J. Furtado
David J. Furtado